**Michael MELTON, Appellant,**

v.

**Marguerite (Valerius)**
**FERENCE, Appellee.**

**No. 13–85–489–CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 13, 1986.

Rehearing Denied March 13, 1986.

Ronald D. Wren, Stradley, Schmidt, Stephens, & Wright, Dallas, for appellant.

Bradford M. Condit, White, Huseman, Pletcher & Powers, Corpus Christi, for appellee.

Before SEERDEN, UTTER and BENAVIDES, JJ.

OPINION

SEERDEN, Justice.

Appellant challenges a summary judgment in a personal injury suit, contending

that the court erred in granting the motion after appellee failed to carry her burden of proof. Appellee claims to have shown, as a matter of law, that appellant's suit is barred by limitations. We agree with appellant, and reverse and remand for trial.

A summary judgment movant has the burden to conclusively prove all essential elements of his cause of action or defense as a matter of law. *Missouri-Kansas-Texas Railroad Co. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex.1981); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); *Newberry v. Tarvin*, 594 S.W.2d 204, 206 (Tex.Civ.App. —Corpus Christi 1980, no writ). Appellee assumed the burden of showing conclusively that, as a matter of law, the suit was barred by limitations. *Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex.1983); *City of Houston v. Clear Creek Basin Authority* at 678; *Zale Corporation v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975); *Oram v. General American Oil Co. of Texas*, 513 S.W.2d 533, 534 (Tex.1974); *Walker v. Hanes*, 570 S.W.2d 534, 538 (Tex.Civ.App. —Corpus Christi 1978, writ ref'd n.r.e.). In reviewing a summary judgment, we view the evidence in the light most favorable to the party opposing the motion. All conflicts in the evidence which tend to support the position of the party opposing the motion are accepted as true. *Farley v. Prudential Insurance Co.*, 480 S.W.2d 176, 178 (Tex.1972).

Appellee alleged in her motion for summary judgment that appellant filed the original petition, which alleged injuries from a September 3, 1981, collision, on October 4, 1984, after the two-year limitations period had run. Appellant replied by affidavit of the Dallas attorney who filed the suit that he filed the petition on August 31, 1983. The petition, bearing a file mark of August 31, 1983, was attached as an exhibit. Assuming, as we must, that appellant is correct, we next address appellee's claim that service of citation on November 8, 1984, showed a lack of due diligence. To toll the statute of limitations, a plaintiff must use diligence in procuring the issuance and service of citation. *Rigo Man-*

*ufacturing Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex.1970).

In support of her motion, appellee submitted an affidavit in which she recited her address changes, stated that she informed appellant's Dallas attorney of her current address in September 1983, and concluded that appellant "has not used due diligence in prosecuting this cause."

The affidavit of the Dallas attorney appended the citations, served and unserved, as exhibits, and described his attempts to obtain service. On August 31, 1983, he requested service on appellee at her address at the time of the collision, in Corpus Christi. On September 30, 1983, the Nueces County Constable's office returned the citation unserved, with the notation that appellee was believed to be in Houston. The attorney stated that after he received a message with appellee's new address and phone number, his office tried the phone number unsuccessfully, and he directed citation to be reissued at the Houston address. On or about December 12, 1983, the Harris County Constable's office returned the citation unserved with a "no such address" notation. The attorney stated he then contacted the Intervenor (American Motorist Insurance Company) and asked it to find appellee's address. After several months of checking, the intervenor allegedly informed the attorney that the Houston address was legitimate and was appellee's address. The attorney reissued citation on October 5, 1984, and the Constable's office served it on November 8, 1984. The attorney argued by his affidavit that the delay in service was caused by the advice of the Harris County Constable's office that the address did not exist rather than by any lack of diligence.

Appellee claimed the time gap between the return of the citation on December 12, 1983, and the successful service on November 8, 1984, was, as a matter of law, a lack of due diligence, relying on *Williams v. Houston-Citizens Bank & Trust Co.*, 531 S.W.2d 434 (Tex.Civ.App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.). *Williams* is

not a summary judgment case. The presumptions and burden of proof for an ordinary trial are immaterial to the burden that a movant for summary judgment must bear. *Missouri-Kansas-Texas Railroad Co.* at 298; *Tigner v. First National Bank of Angleton,* 153 Tex. 69, 264 S.W.2d 85, 87 (1954). *Williams* at 436 holds that in a trial where the plaintiff has the burden of showing that he exercised due diligence, an *unexplained* delay of seven months and twenty days after limitations expires is, as a matter of law, not due diligence in procuring issuance and service of citation. See *Liles v. Phillips,* 677 S.W.2d 802, 809 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.).

Likewise, *Buie v. Couch,* 126 S.W.2d 565 (Tex.Civ.App.—Waco 1939, writ ref'd), *Rigo Manufacturing Co. and Hamilton v. Goodson,* 578 S.W.2d 448 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ), which hold that lawyer inactivity for specified periods of time constitutes lack of diligence in obtaining service, are distinguishable. In these non-summary judgment cases, the plaintiff failed to prove continuous efforts constituting due diligence.

The non-movant has no burden to respond to a summary judgment motion unless the movant has conclusively established his defense. *Oram* at 534; *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972); *Meyer v. Kupatt,* 549 S.W.2d 263, 265 (Tex. Civ.App.—Corpus Christi 1977, writ ref'd n.r.e.). The burden only shifts if the movant shows a right to judgment. Then, the non-movant must prove the existence of a material fact question. *Oram* at 534; *Meyer* at 265. Even then, all doubts as to the existence of a material fact issue are resolved against the movant. *Walker* at 538.

■ In a summary judgment proceeding, the movant should not prevail on an affidavit which sets out only legal conclusions or subjective opinions, but does not attest to facts. *Swilley* at 67; *Herndon Marine Products v. San Patricio County Appraisal Review Board,* 695 S.W.2d 29, 33 (Tex.App.—Corpus Christi 1985, writ ref'd

n.r.e.); *Inwood Forest Community Improvement Association v. R.J.S. Development Co.,* 630 S.W.2d 751, 754 (Tex.App.—Houston [1st Dist.] 1982, no writ); *Wise v. Dallas Southwest Media Corp.,* 596 S.W.2d 533, 536 (Tex.Civ.App.—Beaumont 1979, writ ref'd n.r.e.). Appellee's affidavit did not allege that appellants did nothing between December 12, 1983 and October 5, 1984, but recited only that appellant "has not used due diligence in prosecuting this cause." Thus, appellee's summary judgment proof did not establish an insuperable barrier to appellant's right of recovery. *Swilley* at 67; *Manges v. Astra Bar, Inc.,* 596 S.W.2d 605, 610 (Tex.Civ.App.—Corpus Christi 1980, no writ). *See also Martinez v. Wilson,* 605 S.W.2d 349 (Tex.Civ.App.—Eastland 1980, no writ).

■ Moreover, appellant's summary judgment proof contained an explanation of the delay in service. According to appellant, he would have obtained service in 1983 but for a mistake of the constable's office, on which he relied. In addition, appellant referred the matter to intervenor, who, it can be argued, was in a superior position to locate appellee for service. The circumstances he described distinguish this case from those in which attorneys were not diligent as a matter of law. Whether the efforts of appellant's attorney constituted due diligence remained a question of fact. *See Beavers v. Darling,* 491 S.W.2d 711 (Tex.Civ.App.—Waco 1973, no writ). Thus, the court erred in granting the summary judgment.

We REVERSE the judgment and REMAND the cause for trial.