Enrique MARTINEZ, Appellant,

v.

Carlos BECERRA, Appellee.

No. 13–89–337–CV.

Court of Appeals of Texas,
Corpus Christi.

Sept. 6, 1990.

Roger W. Hughes, Adams & Graham, Harlingen, for appellant.

Alberto Garcia and L. Javier Cavazos, Harlingen, for appellee.

Before KENNEDY, SEERDEN and KEYS, JJ.

## OPINION

KENNEDY, Justice.

Appellant Enrique Martinez sued appellee Carlos Becerra for damages arising out of an automobile accident which occurred on December 31, 1985. Suit was timely filed on December 30, 1987. Personal jurisdiction over the proper defendant[1] was not obtained until March 17, 1989, when appellee filed an answer. *See* Tex.R.Civ.P. 121. The trial court granted summary judgment based on limitations. By three points of error, Martinez contends that the trial court erred in granting summary judgment, arguing that a fact issue exists regarding diligence in service of process. We reverse and remand.

A brief rendition of the facts is in order. Citation was obtained on December 30, 1987, the same day suit was timely filed. No address was listed on the citation. This citation expired 90 days later. It was returned unserved and filed on July 1, 1988.

In January, 1988, Carla Saenz, appellant's attorney, learned that a demand letter she sent to appellee's last known address, # 125 Mesquite, Brownsville, Texas, was unclaimed. In response, on January 20, 1988, and April 20, 1988, Saenz requested that State Farm Insurance Company[2] locate appellee. On June 3, 1988, Saenz hired an investigator to find appellee. Saenz received a letter from State Farm on June 6, 1988, indicating that its investigators located appellee at 118 Western in Brownsville. The letter indicated that Carlos Becerra, appellee, moved to 118 West-

---

1. Two persons with the same name, Carlos Becerra, are involved in this suit. They will be referred to as Carlos Becerra, appellee, and Carlos Becerra, deceased. It is unclear whether they are related.

2. State Farm has subrogation rights by virtue of payments made to appellant under an insurance policy covering Carlos Becerra.

ern from # 125 Mesquite sometime before January 28, 1988.

On June 30, 1988, a second citation was issued. The address listed on the return was 118 Western Blvd., Brownsville, Texas. It was returned on July 6, 1988, indicating that Carlos Becerra was deceased.

A suggestion of death was filed on August 11, 1988. On September 21, 1988, Saenz received a letter from the Cameron County Clerk indicating that an individual named Carlos Becerra who lived at 118 Western, and was married to Herminia Becerra, died in 1984, over a year before the accident occurred. Nevertheless, an order granting substitute service on Herminia Becerra, independent executrix, of the Estate of Carlos Becerra, deceased was filed on October 25, 1988. Service by Scire Facias was obtained on Ms. Becerra on November 11, 1988, at 118 Western Blvd. *See* Tex.R.Civ.P. 152.

Ms. Becerra filed a motion for summary judgment on January 4, 1989. Instead of filing a verified plea claiming a defect in parties as required, *see* Tex.R.Civ.P. 93(4), she argued that the wrong party (Carlos Becerra, deceased) was served, appellant failed to use due diligence, and that Carlos Becerra, appellee, had no notice of the suit.

On December 5, 1988, appellant was informed by Ms. Becerra's attorney that the party involved in the accident was Carlos Becerra Jr., appellee. Appellant was further advised on January 20, 1989, that appellee was an inmate in the Texas Department of Corrections in Sugarland. Appellant took a non-suit against Ms. Becerra on January 23, 1989.

Subsequently an attorney ad litem was appointed for Carlos Becerra, appellee, on March 17, 1989. Appellee filed an answer and a joint motion[3] (with Herminia Becerra) for summary judgment on March 21, 1989. They alleged appellant did not exercise due diligence in obtaining service of process over Herminia Becerra, Carlos Be-

cerra, appellee, and appellee had no notice of the suit. The trial court granted summary judgment for appellee and Herminia Becerra, ruling that limitations barred the action.

■ By appellant's first and second points of error, he complains that summary judgment was improper because fact questions were raised by the summary judgment evidence. We agree.

In a motion for summary judgment based on limitations, the burden is on the movant to establish as a matter of law that limitations is a bar to the action. *Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex.1975). If the movant establishes that limitations is a defense, the burden shifts to the non-movant to produce summary judgment evidence raising a fact issue, such as due diligence in service of process, to avoid the limitations defense. *See e.g., Palmer v. Enserch Corp.*, 728 S.W.2d 431, 435 (Tex.App.—Austin 1987, writ ref'd n.r.e.). All facts and reasonable inferences must be viewed in the light most favorable to appellant, the non-movant. *Id.* at 435–36.

■ Limitations runs from accrual of the cause of action until suit is filed; provided that the plaintiff exercises diligence to obtain service of process. *Zale Corp.*, 520 S.W.2d at 890. In such a case, service after the limitations period expires relates back to the timely filing. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990). The duty to use diligence continues until the defendant is served. *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 535 (Tex. App.—Dallas 1987, no writ). Whether diligence has been exercised is usually a question of fact. *Valdez v. Charles Orsinger Buick Co.*, 715 S.W.2d 126, 127 (Tex.App.—Texarkana 1986, no writ); *Liles v. Phillips*, 677 S.W.2d 802, 809 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). The diligence required to meet this test is that an ordinary

**3.** Some time prior to the first motion for summary judgment Ms. Becerra filed a counterclaim against appellant based on the emotional distress caused by the filing of the suit against her dead husband. Thus, she was still a party after the non-suit. Nevertheless, she continued to press appellee's personal defenses and to seek dismissal of the suit against him without explanation.

prudent person would use under the same circumstances. *Valdez,* 715 S.W.2d at 127.

When reviewing diligence the focus of analysis is upon the diligence of the plaintiff's efforts to serve the defendant after suit has been filed. If no valid excuse for failure to serve the defendant has been offered, a delay of six and one half months between the expiration of a valid citation and service of process has been held to establish lack of diligence as a matter of law. *Hamilton v. Goodson,* 578 S.W.2d 448, 449 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). Other decisions have held that longer delays without a valid excuse establish lack of diligence as a matter of law. *Gant,* 786 S.W.2d at 260 (citing cases); *Perry,* 741 S.W.2d at 535 (citing cases). A fact question exists if a reasonable excuse for the delay is set forth. *Valdez,* 715 S.W.2d at 128; *Melton v. Ference,* 706 S.W.2d 704, 706 (Tex.App.—Corpus Christi 1986, no writ).

In *Gant,* the defendant was served over six years after suit was filed. Plaintiff's attorney provided no explanation for delays in service for three periods totaling thirty eight months. Some attempts to find and serve the defendant were made during the other periods. *See DeLeon v. Gant,* 773 S.W.2d 396, 397–98 (Tex.App.—San Antonio 1989), *reversed,* 786 S.W.2d 259 (Tex. 1990). The Supreme Court of Texas held the sum of unexplained delays constituted a failure to use due diligence as a matter of law.

In the instant case, Becerra's summary judgment evidence primarily consisted of: returned and unserved citations, a death certificate indicating Carlos Becerra died in 1984, a letter to Saenz, dated September 19, 1988, indicating that Carlos Becerra died in 1984, a number of letters indicating that appellant was attempting to find appellee, a chronology of the search for the real Carlos Becerra, and two affidavits. The affidavits indicated that Carlos Becerra, appellee, lived at # 124 Mesquite, that he was the son of Jorge Becerra, and not the son or husband of Herminia Becerra. The affidavits did not indicate what relation, if any,

Carlos Becerra, appellee, was to Herminia and Carlos Becerra, deceased.

If the non-movant pleads diligence in service of process, and adduces summary judgment proof to support this claim, as appellant did here, the burden is on the movant to establish a failure to exercise due diligence as a matter of law. *Zale Corp.,* 520 S.W.2d at 891. In this respect, appellee fails. The question is not whether appellee was served, but what efforts were made to serve him. The summary judgment evidence fails to prove that no efforts were made to procure service, or that appellee had no notice of the suit. Appellee did not establish as a matter of law that appellant failed to exercise due diligence. Thus, summary judgment was improper. *Melton,* 706 S.W.2d at 706.

■ We also note that appellant's summary judgment proof in the form of an affidavit by Saenz set forth explanations detailing why appellee was not served, including appellee's two (at least) changes of address, his attempts to avoid service, and service on the wrong Carlos Becerra. The affidavit indicated that she learned only on December 5, 1988, of the possibility that the wrong party had been served. In addition, an inference of fraudulent concealment was raised because of the numerous unexplained connections and cooperative efforts between appellee and Herminia Becerra. When concealment of a party occurs, we feel that this is a factor to weigh heavily in favor of finding due diligence. *Cf. Estate of Stonecipher v. Estate of Butts,* 591 S.W.2d 806, 810 (Tex.1979) (fraudulent concealment tolls limitations). Thus, appellant's summary judgment evidence created a fact issue concerning whether due diligence was exercised. *Valdez,* 715 S.W.2d at 128; *Melton,* 706 S.W.2d at 706; *Beavers v. Darling,* 491 S.W.2d 711, 714 (Tex.Civ.App.—Waco 1973, no writ). The instant case is distinguishable from cases in which no evidence of due diligence was presented. *See e.g., Gant,* 786 S.W.2d at 260; *Reynolds v. Alcorn,* 601 S.W.2d 785, 787–88 (Tex.Civ.App.— Amarillo 1980, no writ); *Hamilton,* 578 S.W.2d at 449.

Appellant's first two points of error are sustained. We REVERSE and REMAND to the trial court. Due to our disposition of these points, we decline to address the other point raised in the brief. Tex.R.App.P. 90(a).