Benita De La TORRE, Appellant,

v.

**OUR LADY OF GUADALUPE CENTER, Appellee.**

No. 13–90–401–CV.

Court of Appeals of Texas, Corpus Christi.

April 18, 1991.

Rehearing Overruled May 9, 1991.

Luis A. Elizondo, Allison & Huerta, Cynthia Satel–Allison, Corpus Christi, for appellant.

Frank E. Weathered, Dunn, Cason & Weathered, Corpus Christi, for appellee.

Before SEERDEN, KENNEDY and DORSEY, JJ.

OPINION

SEERDEN, Justice.

This is a summary judgment case. Appellant, Benita De La Torre, slipped and fell at Our Lady of Guadalupe Center (OLGC), on September 27, 1987. She filed suit against OLGC and requested that citation be issued on June 28, 1989, three months before the expiration of the limitations period. OLGC was not served with citation, however, until November 8, 1989, one month and twelve days after the limitations period had run. The trial court grant-

ed OLGC's summary judgment based on the affirmative defense of limitations. By her sole point of error, appellant complains that the trial court erred in granting the summary judgment. We agree and reverse the trial court's judgment.

In its motion for summary judgment, OLGC asserted that it was not served until more than four months after the issuance of citation and that this demonstrated a lack of reasonable diligence on the part of De La Torre. In support of its motion, OLGC relied on the judicial admission that the accident occurred on September 27, 1987, the court's file showing the dates that suit was filed and citation was issued, and the affidavit of Deacon Roy Grassedonio, OLGC's agent who was served with citation on November 8, 1989. In his affidavit, Grassedonio stated that prior to November 8, neither he nor anyone authorized by OLGC was served with citation. He further stated that an attempt was made to serve Father Larry White sometime during the week of "October 30, 1988 [sic]," but White refused because he was not authorized to accept service. Appellant responded with OLGC's Articles of Incorporation, on file with the Secretary of State, that designated Ray Marroquin, 529 Pueblo Street, Corpus Christi, as its registered agent. Appellant also attached the affidavit of the civil process server, Rey Oropez, who stated that he attempted to serve Marroquin on June 30, July 6, 7, and 8, 1989, but was unsuccessful. Oropez further stated in his affidavit that on the third try at the Pueblo Street address, a woman told him that Marroquin no longer lived there. Oropez stated that he then proceeded to OLGC and asked for the parish priest, Father White. He was told that White would not be in for several weeks. He informed appellant's attorney of this information. Two weeks later, he went back to the church and was told by a receptionist or secretary that White was on vacation. Finally, Oropez spoke to White when he returned from vacation, and White informed him that "citation should be directed to the Bishop."

To obtain summary judgment on the grounds that an action was not served within the applicable limitations period, the movant must show that, as a matter of law, diligence was not used to effectuate service. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990). When a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period expires, the date of service relates back to the date of filing if the plaintiff exercised due diligence in effecting service. *Gant,* 786 S.W.2d at 260. The duty to use diligence continues until the defendant is served. *Martinez v. Becerra,* 797 S.W.2d 283, 284 (Tex.App.—Corpus Christi 1990, no writ); *Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 535 (Tex.App.—Dallas 1987, no writ). Whether diligence has been exercised is usually a question of fact. *Martinez,* 797 S.W.2d at 284. The diligence required to meet this test is that which an ordinary prudent person would use under the same circumstances. *Martinez,* 797 S.W.2d at 285. When reviewing diligence, the focus of the analysis is upon the diligence of the plaintiff's efforts to serve the defendant after suit has been filed. *Id.* If no excuse is offered for a delay in procuring service of citation, or if lapse of time and the plaintiff's acts are such as conclusively negate diligence, a lack of diligence will be found as a matter of law. *Perry,* 741 S.W.2d at 534.

In the instant case, service was obtained upon OLGC just one month and twelve days after the limitations period had expired. The summary judgment evidence shows that appellant made an attempt to serve OLGC during the week of October 30, 1989, one month after the limitations period had run. Additionally, appellant set forth in her response to the summary judgment evidence that appellee did not have its proper registered agent on file with the Secretary of State. The affidavit of Oropez reveals that many attempts were made to obtain service. We hold that a question of fact exists concerning whether appellant exercised diligence in obtaining service on OLGC. Accordingly, we reverse the sum-

mary judgment and remand it for a trial on the merits.