Robert Clyde NEWMAN, Appellant,

v.

H. Alan BROADUS, et al., Appellees.

No. 13–91–271–CV.

Court of Appeals of Texas,
Corpus Christi.

July 30, 1992.

aggravated assault. The second count charged him with attempted capital murder and alleged

use of a deadly weapon.

William A. Kershner, San Leon, for appellant.

James B. Manley, Rory Alter, Manley & Alter, Don W. Smith, First Asst. City Atty., Pasadena, for appellees.

Before NYE, C.J., and FEDERICO G. HINOJOSA, JR., and KENNEDY, JJ.

## OPINION

FEDERICO G. HINOJOSA, Jr., Justice.

This is an appeal from a summary judgment entered against appellant on limitations. By one point of error, appellant complains that the trial court erred by entering summary judgment against him. We disagree and affirm the judgment of the trial court.

Appellant filed his Original Petition on July 1, 1988, alleging that a Pasadena police officer named "Fred Brotis," had injured him on July 4, 1986, by using excessive force to effect his arrest. In the petition, appellant named "Fred Brotis," the City of Pasadena, its Mayor, Chief of Police, and City Council as defendants. Citation for "Fred Brotis" was issued on July 11, 1988, and was returned unserved on July 18, 1988. On June 29, 1990, appellant filed his First Amended Petition and named H. Alan Broadus as the defendant police officer. Citation was requested but not served. On January 28, 1991, appellant filed a Second Amended Petition. Appellee was served with citation and the Second Amended Petition on February 5, 1991.

Appellee answered and affirmatively pleaded the defenses of laches and limitations. Appellee moved for summary judgment on the defense of limitations. Summary judgment evidence included an affidavit from appellee, stating that he had not been served before February 5, 1991, that his name appeared on a traffic ticket which had been issued to appellant and that offense reports bearing his name were available to appellant. Appellee attached the DWI Traffic Case Report to his affidavit.

Appellant responded with a "Verified Motion in Opposition to Broadus's Motion for Summary Judgment," which stated 1) that service had been attempted on "Fred Brotis," 2) that citation had been returned with the notation that no such person existed in the Pasadena Police Department, and 3) that "Fred Brotis" and H. Alan Broadus are the same person. Summary judgment

evidence included an affidavit from Appellant in which he stated that police officers had refused to release information to him concerning the incident because a shooting was involved.

A movant for summary judgment based on limitations has the burden to establish that limitations bars the action as a matter of law. *Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975). If the movant establishes a limitations defense, the burden shifts to the non-movant to produce summary judgment evidence raising a fact issue, such as due diligence in service of process, to avoid the limitations defense. *Martinez v. Becerra,* 797 S.W.2d 283, 284 (Tex.App.—Corpus Christi 1990, no writ). All facts and reasonable inferences must be viewed in the light most favorable to the non-movant. *Id.*

Filing a suit will not interrupt the running of limitations unless due diligence is exercised in the issuance and service of citation. *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex.1990). When a plaintiff files a suit within the limitations period but fails to serve the defendant until after the statutory period has expired, the date of service may relate back to the date of filing, if the plaintiff exercised diligence in effecting service. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex. 1990).

The standard of diligence required is "that diligence to procure service which an ordinarily prudent person would have used under the same or similar circumstances." *Hansler v. Mainka,* 807 S.W.2d 3, 5 (Tex.App.—Corpus Christi 1991, no writ) (quoting *Reynolds v. Alcorn,* 601 S.W.2d 785, 788 (Tex.Civ.App.—Amarillo 1980, no writ)). The existence of diligence is usually a question of fact, but if no excuse is offered, or if the lapse of time and the plaintiff's acts conclusively negate diligence, a lack of diligence will be found as a matter of law. *Id.* 807 S.W.2d at 5; *Martinez,* 797 S.W.2d at 285–86.

Pleadings are not summary judgment evidence. *Americana Motel, Inc. v. Johnson,* 610 S.W.2d 143 (Tex.1980). A response to a motion for summary judgment is a pleading and is not evidence which a trial court can consider in ruling on a motion for summary judgment. *Rath v. State,* 788 S.W.2d 48, 50 (Tex.App.—Corpus Christi 1990, writ denied).

The only summary judgment evidence that appellant produced to show diligence in service of citation was his affidavit which stated that police officers had refused to give him information regarding the incident. He admitted in his affidavit that Officer Broadus had issued him a traffic ticket but did not explain why he could not discern Broadus's name from the ticket. Appellant did not explain why he failed to attempt to elicit Broadus's name from Police Chief Gilbert, who answered the original petition, in pre-trial discovery. Appellant also did not explain why citation was not served for seven months after he learned Broadus's name and after he added him as a defendant in the First Amended Petition.

Since appellant offered no explanation for his failure to serve citation on appellee, the trial court properly granted appellee's motion for summary judgment based on the expiration of the limitations period.

We overrule appellant's point of error and AFFIRM the judgment of the trial court.