Leonor JIMENEZ, Appellant,

v.

COUNTY OF VAL VERDE, Appellee.

No. 04–97–01031–CV.

Court of Appeals of Texas,
San Antonio.

March 17, 1999.

Rehearing Overruled April 23, 1999.

Dinah Gaines, San Antonio, for Appellant.

Mario P. Bordini, Mata & Bordini, Inc., San Antonio, for Appellee.

Before ALMA L. LÓPEZ, Justice, PAUL W. GREEN, Justice and SARAH B. DUNCAN, Justice.

## OPINION

PAUL W. GREEN, Justice.

Because the issues in this appeal involve the application of well-settled principles of law, we affirm the trial court's judgment in this memorandum opinion. *See* TEX. R.APP. P. 47.1.

The trial court correctly rendered a take-nothing summary judgment against Leonor Jimenez in her slip and fall suit against Val Verde County for the following reasons:

1. Jimenez's claim was barred by the two year statute of limitations.

2. Jimenez's cause of action accrued on August 29, 1994, and suit was filed August 15, 1996; however, Val Verde County was not served with citation until April 4, 1997. Jimenez blames the process server for the eight-month delay in accomplishing service.

3. Limitations is not tolled merely by filing suit within the limitations period; due diligence must also be exercised in having the defendant served with process. *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990). Summary judgment is proper if the defendant is able to show as a matter of law that diligence was not used to effectuate service. *Id.*

4. "It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished." *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 153 (Tex.1994); TEX.R. CIV. P. 99(a). An attorney's "misplaced reliance on his process server [does] not constitute due diligence" as a matter of law. *Gonzalez v. Phoenix Frozen Foods, Inc.*, 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ).

5. Jimenez has thus failed as a matter of law to raise a fact issue on her obligation to show diligence that would avoid the running of limitations.

The judgment is affirmed.

Dissenting opinion by: ALMA L. LÓPEZ, Justice.

LÓPEZ, Justice, dissenting.

I respectfully dissent from the majority opinion. Leonor Jimenez filed an original petition alleging damages sustained as a result of a fall on the sidewalk in front of the Val Verde County Courthouse. The trial court granted the County of Val Verde's motion for summary judgment based on limitations, ruling that Jimenez had failed to show due diligence, as a matter of law, in serving citation upon the County of Val Verde. On appeal, Jimenez raises two issues to contend that the trial

judge erred in granting summary judgment.

## Statement of Facts

Jimenez fell in front of the Val Verde Courthouse on August 29, 1994, and filed her original petition alleging damages on August 15, 1996. The trial court signed an order authorizing service of citation to a process server on October 3, 1996, and citation was issued on October 8, 1996. The secretary for Jimenez's attorney contacted the process server and the process server reported that he had served the defendant. The process server presented his bill for performing this service and was paid on October 11, 1996, by Jimenez's attorney. The secretary repeatedly asked the process server if he had served the County of Val Verde and whenever asked, the process server reported that he had done so. When a legal assistant was assigned the file in March 1997, she noted that no answer had been filed by the County of Val Verde despite the fact that the process server said he had served the County of Val Verde and then been duly paid. Believing that Jimenez's attorney had not been mailed an answer, the legal assistant contacted the Val Verde County District Clerk and learned that citation had been issued in early October 1996, as requested, but had never been picked up for service. The issuance of a new citation was immediately requested and the County of Val Verde was served on April 4, 1997. The County of Val Verde filed a motion for summary judgment on July 16, 1997, and summary judgment was granted December 4, 1997.

## Due Diligence

In her first issue, Jimenez complains that the trial court erred in granting summary judgment because there exists a fact issue as to the diligence in service of process. Specifically, Jimenez had a valid reasonable excuse for failing to timely serve process.

The basis for summary judgment is that no genuine issue exists as to any material fact and that the movant is entitled to summary judgment a matter of law. *See* Tex.R. Civ. P. 166a(c). Because the standard of appellate review of a summary judgment is conducted de novo, *see Sasser v. Dantex Oil & Gas, Inc.*, 906 S.W.2d 599, 602 (Tex.App.—San Antonio 1995, writ denied), the reviewing court must apply the following guidelines: (1) The movant for summary judgment has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, (2) in deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true, and (3) every reasonable inference must be indulged in favor of the non-movant and doubts resolved in his favor. *See Nixon v. Property Management Company*, 690 S.W.2d 546, 548–49 (Tex.1985).

In its motion for summary judgment, the County of Val Verde asserted that it was entitled to judgment as a matter of law on the grounds that the statute of limitations had run because Jimenez failed to exercise due diligence in procuring service of citation on the County of Val Verde. In a motion for summary judgment based upon a statute of limitations, the burden is on the movant to establish as a matter of law that the applicable statute of limitations bars the actions. *See Zale Corp. v. Rosenbaum*, 520 S.W.2d 889, 891 (Tex. 1975). Where the non-movant pleads diligence in requesting issuance of citation, the limitation defense is not established until the movant meets his burden of negating the applicability of this issue. *See id.* To effectively interrupt the applicable statute of limitations, a plaintiff must file suit within the statutory period and then exercise due diligence in procuring the issuance and service of citation. *See Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex.1990). Thus, when a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service

relates back to the date of filing as long as the plaintiff exercised diligence in effecting service. *See id.*

To obtain summary judgment on the grounds that an action was not served within the applicable limitations period, the movant must show that as a matter of law, diligence was not used to effectuate service. *See id.* When reviewing diligence, the focus of analysis is upon the diligence of the plaintiff's efforts to serve the defendant after the suit has been filed. *See Martinez v. Becerra,* 797 S.W.2d 283, 285 (Tex.App.—Corpus Christi 1990, no writ). Generally, a fact question exists if a reasonable excuse for the delay is set forth. *See id.* The issue can be determined as a matter of law, however, if no valid excuse is offered for a delay in procuring service of citation, or if lapse of time and the plaintiff's acts are such that they conclusively negate diligence, a lack of diligence will be found as a matter of law. *See De La Torre v. Our Lady of Guadalupe Center,* 807 S.W.2d 889, 890 (Tex.App.—Corpus Christi 1991, no writ). The two controlling factors that decide due diligence are: (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances, and (2) whether the plaintiff acted diligently up until the time the defendant was actually served. *See Hodge v. Smith,* 856 S.W.2d 212, 215 (Tex.App.—Houston [1st Dist.] 1993, writ denied). The duty to use due diligence continues from the date the suit is filed until the date defendant is served. *See id.*

In the instant case, Jimenez contends that a fact question exists because there is a reasonable excuse for the delay in service of process. I agree. Citation for service of process was requested at the time the petition was filed, and was issued shortly thereafter. Jimenez's attorney secured an order for the process server to serve the County of Val Verde. The process server told Jimenez's attorney that the County of Val Verde had been served and the bill for his services was paid. On ascertaining that the County of Val Verde had, in fact, not been served, Jimenez's attorney immediately took steps to accomplish service. This explanation is sufficient to raise a fact issue as to whether Jimenez exercised reasonable due diligence in obtaining service on the County of Val Verde. *See Hodge,* 856 S.W.2d at 216; *Valdez v. Charles Orsinger Buick,* 715 S.W.2d 126, 128 (Tex.App.—Texarkana 1986, no writ).

In addition, Jimenez's attorney had no reason to believe that the process server was not telling the truth when he stated that he had served the County of Val Verde and then presented his bill for service. Jimenez's attorney had previously used the process server and had never had a problem regarding his services. A reasonable prudent person under the same or similar circumstances would have acted in the same manner as Jimenez's attorney. Furthermore, viewing the summary judgment evidence in the light most favorable to Jimenez, the non-movant, the record does not establish, as a matter of law, that Jimenez failed to use due diligence to effectuate service. *See Hodge,* 856 S.W.2d at 216. The County of Val Verde produced no summary judgment evidence disproving or challenging the excuse provided by Jimenez, nor does it rebut Jimenez's allegations of diligence. *See id.; Valdez,* 715 S.W.2d at 128. Because Jimenez provides a reasonable excuse for the delay in service, I submit that a fact question exists. Thus, I respectfully dissent.

Furthermore, I am dissenting because I disagree with the majority's application of the law. The majority cites to *Primate Const., Inc. v. Silver,* 884 S.W.2d 151, 153 (Tex.1994) and *Gonzalez v. Phoenix Frozen Foods, Inc.,* 884 S.W.2d 587, 590 (Tex. App.—Corpus Christi 1994, no writ), and mistakenly applies *Primate* to the present cause of action which was similarly done by the Thirteenth Court of Appeals in *Gonzalez. See Gonzalez,* 884 S.W.2d at 590. I agree with the majority's reliance on *Primate* that interprets Rule 99 to

properly place the burden of service on the party requesting service. *See* Tex R. Civ. P. 99(a). However, the Supreme Court in *Primate* construed Rule 99 to apply to a default judgment. The majority improperly applies *Primate* to the instant case which involves due diligence in service of process. Likewise, the Thirteenth Court of Appeals misapplied *Primate* to *Gonzalez* which also involved due diligence in service of process. *See Gonzalez,* 884 S.W.2d at 590.

Lastly, not only do I disagree with the majority's application of the law, but I also disagree with the majority's treatment of the instant case as a memorandum opinion. Clearly, the law regarding due diligence in the service of process is not a well-settled principle of law because the courts of appeals are split on the issue of what constitutes a reasonable excuse for the delay in service of process.[1]

Because I submit that *Jimenez* provides a reasonable excuse for the delay in service of process and disagree with the majority's application of the law, I respectfully dissent.

---

1. *Compare Ray v. O'Neal,* 922 S.W.2d 314, 317 (Tex.App.—Fort Worth 1996, writ denied) (4 month delay in service after statute of limitations had expired was reasonable because defendant had moved residences), *and Hodge,* 856 S.W.2d at 215 (27 month delay in service after statute of limitations had expired was reasonable delay because the record indicated that several attempts were made to locate and serve defendant), *and Valdez,* 715 S.W.2d at 127 (8 month delay in service after statute of limitations expired was reasonable delay because of mixup in the clerk's office), *with Perry v. Kroger, Store No. 119,* 741 S.W.2d 533, 535 (Tex.App.—Dallas 1987, no writ.) (8 month delay after statute of limitations expired was not reasonable excuse because service served on wrong address and returned unexecuted, but no further attempt at service for 8 months), *and Hamilton v. Goodson,* 578 S.W.2d 448, 449 (Tex.Civ. App.—Houston [1st Dist.] 1979, no writ) (6 month delay in service after statute of limitations expired was not reasonable excuse because service was returned unexecuted due to inability to locate defendant and no repeat attempt was made for 6 months).