NUMBER 13-99-600-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JUAN RAUL MORALES, Appellant,


v.



CARY TOLAND, Appellee.

___________________________________________________________________




On appeal from the County Court at Law No. 2


of Cameron County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Yañez, and Chavez


Opinion by Justice Chavez


 Appellant Juan Raul Morales appeals a summary judgment in
favor of appellee granted on the basis of limitations. Appellant filed a
personal injury case against appellee Cary Toland alleging damages
from an automobile accident involving the two parties on June 24,
1996. On June 24, 1998, on the eve of the expiration of the statute of
limitations, appellant filed this suit against appellee. It was not until
March 9, 1999 that appellee was served with a copy of the citation and
petition. Appellant argues that the summary judgment is improper
because he produced summary judgment evidence that he exercised
due diligence in serving appellee with the citation and petition. We
disagree.

 The running of the statute of limitations is an affirmative defense. 
See Tex. R. Civ. P. 94. An affirmative defense is a proper basis for
summary judgment when it is properly pleaded and supported by
uncontroverted summary judgment evidence. Montgomery v. Kennedy,
669 S.W.2d 309, 310-11 (Tex. 1984). When a defendant moves for
summary judgment on the basis of an affirmative defense, he must
conclusively establish all of the essential elements of the affirmative
defense as a matter of law. City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678 (Tex. 1979); Clawson v. Wharton County, 941
S.W.2d 267, 270 (Tex. App.--Corpus Christi 1996, writ denied).

 When determining whether a genuine issue of material fact exists,
we indulge every reasonable inference and all doubts in the non-movant's favor. Rhone-Poulnec, Inc. v. Steel, 997 S.W.2d 217, 223
(Tex. 1999). When a defendant pleads the defense of limitations and
proves the plaintiff failed to serve the defendant with process in a timely
manner, even though the suit was timely filed, the burden shifts to the
plaintiff to present evidence explaining the delay. See Murray v. San
Jacinto Agency, Inc., 800 S.W.2d 826, 830 (Tex. 1990); see also
Lexington Ins. Co. v. Buckingham Gate Ltd., 993 S.W.2d 185, 190 (Tex.
App.--Corpus Christi 1999, pet. denied). 

 Limitations runs from accrual of the cause of action until the suit
is filed, provided that the plaintiff exercises diligence to obtain service
of process. Martinez v. Becerra, 797 S.W.2d 283, 284 (Tex. App.--Corpus Christi 1990, no writ). If the plaintiff uses due diligence, service
after the limitations period expired relates back to the timely filing. Id. 
The diligence required to meet this test is that which an ordinary
prudent person would use under the same circumstances. Id. at 284-85; see Taylor v. State, 4 S.W.3d 63, 65 (Tex. App.--Houston [1st Dist.]
1999, pet. denied). 

 The question of whether diligence has been exercised is usually
a question of fact. Martinez, 797 S.W.2d at 284. However, lack of
diligence may be determined as a matter of law, if (1) the plaintiff offers
no valid excuse for the delay in serving the defendant, or (2) the lapse
of time conclusively negates a lack of diligence. See Hansler v.
Mainka, 807 S.W.2d 3, 5 (Tex. App.--Corpus Christi 1991, no writ). An
unexplained delay in serving the defendant is a lack of diligence as a
matter of law. Hansler, 807 S.W.2d at 5. 

 It is uncontroverted that appellant did not serve the citation upon
appellee until more than eight months after the suit was filed and the
statute of limitations had expired. Appellant therefore had the burden
to prove that he used due diligence in serving the defendant. Murray,
800 S.W.2d at 830; Martinez, 797 S.W.2d at 284. In January 1998
appellant found an address for appellee in South Padre Island. Six
months later, when appellant filed suit, he attempted to serve appellee
at a Brownsville address listed on the police report taken at the scene
of the accident. Appellant did not attempt to serve appellee at the
South Padre Island address.

 The sheriff's department attempted service on July 24, 1998, but
was unable to do so because the address taken from the police report
was incorrect. Approximately seven weeks after initially requesting
service appellant contacted the clerk's office to determine if appellee had
been served. The clerk's office instructed appellant to contact the
sheriff's office. Appellant then called the sheriff's office and learned that
service had not been effected because the address did not exist.

 Appellant then waited approximately three weeks before making
any further attempt to determine appellee's address. On September 1,
1998 appellant contacted the Brownsville post office to confirm that the
police report address was not correct. Appellant then contacted
Brownsville directory assistance, and was informed that there was no
listing in appellee's name. Appellant did not contact directory
assistance for any of the other towns in the Brownsville area. Appellant
never attempted to serve appellee at the South Padre Island address.

 In February, 1999 appellant's attorney was having an unrelated
conversation with another attorney, Jaime Saenz, who happened to be
acquainted with appellee. Mr. Saenz informed appellant's attorney that
appellee is a practicing attorney in Cameron County and provided her
with appellee's address. On February 23, 1999, a proper service was
issued, and appellee was served on March 9, 1999, more than eight
months after appellant had filed suit and the statute of limitations had
expired.

 This evidence shows that appellant did not use due diligence. 
Appellant never attempted to serve appellee at the South Padre Island
address. Appellant never attempted to locate appellee through his
insurance company, which was identified on the police report. 
Appellant allowed long delays to elapse between attempts to locate
appellee. Appellant provides us with no explanation for his failure to be
more persistent. It was only by chance that appellant actually found
appellee. Appellant asserts that he hired an investigative service to find
appellant, but since no evidence of this is in the record, we may not
consider this assertion. See El Paso Electric Co. v. Texas Dep't. of Ins.,
937 S.W.2d 432, 441 (Tex. 1996).

 Appellant argues that the eight-month unexplained delay was due
to appellee's fraudulent concealment of his whereabouts. An inference
of fraudulent concealment weighs heavily in favor of finding due
diligence. Martinez, 797 S.W.2d at 285. In Martinez there were
"numerous unexplained connections and cooperative efforts"
circumventing proper service of process. Id. Here, there is only an
incorrect address on a police report. The address written down by the
reporting officer stated the proper street address, but incorrectly wrote
Brownsville as the city where appellee lives. Even if viewed as evidence
of an attempt at fraudulent concealment of appellee's address, and not
a simple mistake, it does not rise to a level sufficient to explain a failure
to effect service for eight months. See id. Appellant has not provided
a valid justification for why he did not serve appellee until eight months
after the statute of limitations expired. See Hansler, 807 S.W.2d at 5. 
We therefore overrule appellant's issue on appeal.

 We AFFIRM the judgment of the trial court.


 MELCHOR CHAVEZ

 Justice


Do not publish.

TEX. R. APP. P. 47.3.


Opinion delivered and filed this

the 21st day of December, 2000.