**William A. BILSING and the Estate of Alma M. Bilsing, Plaintiffs,**

v.

**STATE INDUSTRIES, INC. and Emerson Electric Co., Defendants.**

**Civ.A.No. 01–1175.**

United States District Court, S.D. Texas, Houston Division.

Oct. 24, 2001.

John W. Odam, Goforth Lewis, Houston, TX, Michael C. Wilson, Butrus Khoshbin & Wilson, Dallas, TX, for Plaintiffs.

Douglas T. Gosda, Manning Gosda et al, Mary Elizabeth Kamin, Strasburger & Price LLP, Houston, TX, George W. Flynn, Attorney at Law, Thomas Klosowski, Attorney at Law, Minneapolis, MN, for Defendants.

## MEMORANDUM AND ORDER

ATLAS, District Judge.

This is a products liability case. The Court denied the motions for summary judgment filed by Defendants Emerson Electric Co. ("Emerson") and State Industries, Inc. ("State") contending that the applicable statutes of limitation bar Plaintiffs' claims and that Plaintiffs' warranty

claims are not legally viable. *See* Memorandum and Order, signed on August 22, 2001 and entered August 24, 2001 [Doc. #23].[1] Emerson seeks reconsideration of these rulings, contending that denial of summary judgment on these grounds was error. Plaintiffs have responded in opposition. Having considered the parties' briefs, all matters of record and the applicable authorities, the Court concludes that Defendant Emerson's Motion for Reconsideration should be **denied**.

### Statute of Limitations as to Strict Liability and Negligence Claims

Emerson's arguments as to the strict liability and negligence claims must be placed in context. Emerson complains about a delay of approximately *two* months in Plaintiffs' service of process in this case, 54 days of which were after the limitations deadline.[2] After a close review of the various cases cited by Emerson,[3] the Court concludes that there is a genuine question of material fact as to whether the conduct by Plaintiffs' obtaining service of process did not lack diligence as a matter of law.

*Background Facts.* The facts giving rise to this action are not complex. Plaintiffs allege that on January 21, 1999,[4] their residence caught fire because of a defective water heater designed, manufactured and sold by Defendant State, and/or a defective gas control device designed, manufactured and sold by Defendant Emerson.

■ Plaintiffs filed suit in the 85th Judicial District Court, Brazos County, Texas, on January 9, 2001, raising strict liability, negligence, and express and implied warranty claims.[5] *See* Plaintiffs' Original Petition (Ex. 2–B to Notice of Removal). Citations were issued immediately.[6] Defendant Emerson was served with a citation and a copy of the petition on March 20, 2001, 54 days after January 29, 2001, the day Emerson contends the two year limitations period[7] expired on the strict

---

1. See Defendant Emerson Electric Co.'s Motion for Summary Judgment [Doc. #13] ("Emerson Motion"); Defendant State Industries, Inc.'s Motion for Summary Judgment [Doc. #17] ("State Motion"); Plaintiffs' Response to Defendants' Motion for Summary Judgment and Cross–Motion for Partial Summary Judgment [Doc. #19] ("Plaintiffs' Response"); Defendant Emerson Electric Co.'s Objections to Plaintiffs' Summary Judgment Evidence [Doc. #21] ("Objections"); and Defendant Emerson Electric Co.'s Brief in Reply to Plaintiffs' Response to Defendants' Motion for Summary Judgment and in Response to Plaintiffs' Cross–Motion for Partial Summary Judgment [Doc. #32] ("Reply").

2. There appears to be no dispute that, well prior to expiration of the limitations period, Emerson and its attorneys were well aware of Plaintiffs' claims and the filing of this lawsuit. *See* Affidavit of Michael C. Wilson, Exhibit 5 to Plaintiffs' Response. While a defendant's actual knowledge of the existence of a claim is not legally relevant for present purposes, *see Wilson v. Dunn*, 800 S.W.2d 833, 836–37 (Tex.1990), it is noted that this is not a case in which Emerson can show or even argue any prejudice or inequity arising from the delay of service of process.

3. Emerson's original Motion for Summary Judgment cited only *Zimmerman v. Massoni*, 32 S.W.3d 254, 256 (Tex.App.—Austin 2000, writ denied), and *Taylor v. Thompson*, 4 S.W.3d 63, 65 (Tex.App.—Houston (1st Dist. 1999, no writ)). Although not explicitly stated, the Court, prior to ruling on August 23, 2001, also considered Emerson's Reply and Objections to Plaintiffs' summary judgment evidence.

4. Emerson states that the fire occurred on January 29, 1999. *See* Emerson's Reply, at 4.

5. Plaintiffs filed suit in the 85th Judicial District of Brazos County, Texas. Defendants removed to this Court based on complete diversity of citizenship. *See* Notice of Removal [Doc. #1].

6. Plaintiffs' counsel received the citations on January 11, 2001.

7. Under Texas law, product liability claims carry a two year statute of limitations. TEX.

liability and negligence claims.[8]

Defendants argued in their original motions, and Emerson now reasserts, that Plaintiffs' strict liability and negligence claims are time-barred, because Defendants were not served until after the limitations period had expired and Plaintiffs failed to use reasonable diligence in serving Defendants.

■ *Legal Standards and Burdens of Proof.*When a plaintiff files her petition within the limitations period but does not serve the defendants until after the period expires, the filing of a lawsuit alone does not interrupt the running of limitations. *Taylor v. Thompson*, 4 S.W.3d 63, 65, (Tex.App.—Houston (1 Dist.1999)) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex.1990)); *Holstein v. Federal Debt Management, Inc.*, 902 S.W.2d 31, 35 (Tex.App.—Houston (1st Dist. 1995, no writ)). The plaintiff must exercise due diligence in the issuance and service of citation. *Id.* (citing *Murray*, 800 S.W.2d at 830; *Holstein*, 902 S.W.2d at 35).

■ It is the responsibility of the party requesting service to ensure that service is properly accomplished. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex.1994); *Weaver v. E–Z Mart Stores, Inc.*, 942 S.W.2d 167, 169 (Tex.App.—Texarkana 1997); *Aguilar v. Stone*, 901 S.W.2d 955 (Tex.App.—Houston (1st Dist. 1995, no writ)). It is the attorney's duty to ascertain the status and completion of cita-

tion. *Reynolds v. Alcorn*, 601 S.W.2d 785 (Tex.Civ.App.—Amarillo 1980, no writ). The duty to use due diligence continues from the date the suit is filed until the date the defendant is served. *Id.* (citing *Jimenez v. County of Val Verde*, 993 S.W.2d 167, 169 (Tex.App.—San Antonio 1999, pet. denied)).

■ Generally, the exercise of due diligence is a question of fact. *Id.* (citing *Hodge v. Smith*, 856 S.W.2d 212, 215 (Tex. App.—Houston (1st Dist. 1993, writ denied))). However, the issue can be determined as a matter of law if no valid excuse exists for a plaintiff's failure to timely serve notice of process. *Id.* The two controlling factors that establish due diligence are (1) whether the plaintiff acted as an ordinary prudent person would act under the same circumstances and (2) whether the plaintiff acted diligently up until the time the defendant was served. *Id.; accord, Zimmerman v. Massoni*, 32 S.W.3d 254, 256 (Tex.App.—Austin, 2000). Texas courts have consistently held that unexplained delays of five and six months in procuring issuance and service of citation constitute a lack of due diligence as a matter of law. *Keeton v. Carrasco*, 53 S.W.3d 13, 18 (Tex.App.—San Antonio, 2001) (and cases cited therein).

■ A defendant may obtain summary judgment based on the lack of a plaintiff's diligence in serving the complaint, if no excuse is offered for the delay in procuring the service of citation, or if

CIV. PRAC. & REM. § 16.003. "To 'bring suit' within the two-year limitations period prescribed by section 16.003, a plaintiff must not only file suit within the applicable limitations period, but must also use diligence to have the defendant served with process. It is undisputed that when a plaintiff files a petition within the limitations period, but does not serve the defendant until after the statutory period has expired, the date of service relates back to the date of filing if the plaintiff

exercised diligence in effecting service." *Gant v. DeLeon*, 786 S.W.2d 259, 260 (Tex. 1990) (citations omitted); *Zimmerman v. Massoni*, 32 S.W.3d 254, 255 (Tex.App.—Austin 2000, pet. denied).

8. Defendant State was served on March 19, 2001. State does not seek reconsideration of the Court's ruling.

the lapse of time in the plaintiff's failure to act is such as to conclusively negate diligence. *Ray v. O'Neal,* 922 S.W.2d 314, 317 (Tex.App.—Fort Worth 1996, n.w.h.); *De La Torre v. Our Lady of Guadalupe Center,* 807 S.W.2d 889, 890 (Tex.App.—Corpus Christi 1991, no writ). If a defendant affirmatively pleads the defense of limitations and shows the failure to timely serve the defendant, "the burden shifts to the plaintiff to explain the delay." *Murray,* 800 S.W.2d at 830.[9] If the plaintiff proffers summary judgment evidence that purports to explain the delay, then the defendant must demonstrate that the explanation of diligence is insufficient as a matter of law. *See Weaver v. E–Z Mart Stores, Inc.,* 942 S.W.2d 167, 169 (Tex. App.—Texarkana, 1997) (quoting *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990)); *Murray v. San Jacinto Agency, Inc.,* 800 S.W.2d 826, 830 (Tex.1990); *see also Weaver,* 942 S.W.2d at 169; *accord Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex. 1975).

■ The existence of diligence is a question of fact and should be found as a matter of law when no excuse is offered. *Saenz v. Keller Industries of Texas, Inc.,* 951 F.2d 665, 667–68 (5th Cir.1992); *Valdez v. Charles Orsinger Buick Co.,* 715 S.W.2d 126 (Tex.App.—Texarkana 1986, no writ).

It is the responsibility of the party requesting service, not the process server to see that service is properly accomplished. *Id.* (citing *Gonzalez v. Phoenix Frozen Foods, Inc.,* 884 S.W.2d 587, 590 (Tex. App.-Corpus Christi 1994, no writ)). Courts have held that "misplaced reliance on the process server does not constitute due diligence." *Id.*

■ "A party may ordinarily rely on the clerk to perform his duty within a reasonable time." *Boyattia v. Hinojosa,* 18 S.W.3d 729, 733–34 (Tex.App.—Dallas, 2000) (citing *Wood v. Gulf, C. & S.F. Ry. Co.,* 15 Tex.Civ.App. 322, 326, 40 S.W. 24, 26 (1897, no writ)). "But when a party learns, or by the exercise of diligence should have learned, that the clerk has failed to fulfill his duty under rule 99, it is incumbent upon the party to ensure that the job is done." *Id.* (citing *Buie v. Couch,* 126 S.W.2d 565, 566 (Tex.Civ.App.—Waco 1939, writ ref'd)). A plaintiff may show that he exercised due diligence in effecting service when the delay in service was caused by court personnel. *Holstein v. Federal Debt Mgmt., Inc.,* 902 S.W.2d 31, 36 (Tex.App.—Houston (1st Dist.1995, no writ)).

■ *Private Process Server* Emerson first contends that use of a private process server, when that procedure required Plaintiffs to obtain a Rule 103 order created, in and of itself, inexcusable delay and shows lack of diligence as a matter of law.[10] Emerson contends that Plaintiffs could and should simply have utilized a sheriff or constable to serve Emerson's registered agent in Dallas, where Plaintiffs' true party in interest (Trinity Uni-

---

9. In *Weaver,* it was noted that delays of five or six months in obtaining service constitute a lack of due diligence as a matter of law. *See Instrument Specialties Co.,* 924 S.W.2d 420 (Tex.App—Fort Worth 1996) (six months); *Hansler v. Mainka,* 807 S.W.2d 3 (Tex.App.—Corpus Christi 1991, no writ) (five months); *Allen v. Bentley Laboratories,* 538 S.W.2d 857 (Tex.Civ.App.-San Antonio 1976, writ ref'd n.r.e.) (six months).

10. Texas Rule of Civil Procedure 103 provides: "Citation and other notices may be served anywhere by (1) any sheriff or constable or other person authorized by law or, (2) by any person authorized by law or by written order of the court who is not less than eighteen years of age.... The order authorizing a person to serve process may be made without written motion and no fee shall be imposed for issuance of such order."

versal Insurance Company, the Bilsings' insurer) and its attorneys are located. However, Emerson has provided no evidence that the service would have been more prompt and problem-free than Plaintiffs reasonably expected or than actually occurred through the Rule 103 order process.

Emerson has not shown that Plaintiffs' choice of a private process server or the company they chose was dilatory as a matter of law. Defendant also has not shown that Plaintiff's understanding that a Rule 103 order was necessary was incorrect. Emerson has failed to show entitlement to summary judgment. Thus, on this argument the matter must await resolution through trial.

 *Other Allegedly Dilatory Conduct of Plaintiffs' Counsel.*—Emerson also argues that even if the use of Rule 103 was proper, Plaintiffs nevertheless were dilatory in waiting almost two months for the order to be entered by the state court. Emerson has raised a fact issue but has not shown itself entitled to summary judgment as a matter of law. The reasonableness of Plaintiffs' counsel's conduct is a fact intensive inquiry and must be resolved at trial.

The exhibits attached to Plaintiffs' Response outline in detail the steps Plaintiffs took to effect service through the Rule 103 process. Plaintiffs show that they timely requested citations and contracted with a private process server they previously used. On January 11, 2001, Plaintiffs forwarded the requests for service to the private process server, which submitted a formal request on January 19, 2001, to the 85th Judicial District Court, Brazos County (the "Brazos Court") for a Rule 103 order. The presiding judge of the Brazos Court signed the order on January 23, 2001. The uncontroverted evidence of record reveals that, inexplicably, the Rule 103 order was not entered by the court clerk until March 14, 2001.[11] Plaintiffs' process server thereafter received the order and served process within six days.

The record shows that, during the two month wait for the Rule 103 order, Plaintiffs' counsel (through a legal assistant) communicated on at least two occasions with the process server and the process server contacted the Brazos County clerk's office once in an effort to ascertain the status of their request. *See* Exhibits 1–4 to Plaintiffs' Response. Emerson contends these contacts were insufficient to establish diligence on Plaintiffs' part.

Plaintiffs' failure to check on the status of the requested Rule 103 order more often than once per month for a mere two months was not dilatory as a matter of law. Plaintiffs have proffered detailed evidence of efforts sufficient to raise a genuine question of material fact as to whether their efforts were reasonable or diligent.[12]

In summary, the Court holds that Emerson has failed to meet its summary judgment burden to show as a matter of law that Plaintiffs were unreasonable in their decisions as to the method or steps actually taken to effect service on Defendants in this case. Indeed, Defendants' arguments appear to impose somewhat unrealistically

---

11. Emerson's contention that the order was "entered" on January 23, 2001, is not supported by its own exhibits. Its Exhibit 2 (to the Reply and Motion for Reconsideration) reveals only that the entry under "Date of the Orders" was "1/25/01" the verbal entry on the docket sheet is *"Signed* R103 order" (empha-

sis added). Emerson must be more careful to be accurate in its representations to the Court of factual and legal matters.

12. The Court finds Emerson's and Plaintiffs' objections to the opponents' evidence to be unfounded. Those objections are **overruled**.

strict time limitations and no case cited by Emerson involved a delay under facts materially similar to those at bar.[13] Indeed, Emerson ignores the case cited by the Court, *Holstein v. Federal Debt Mgt., Inc.*, 902 S.W.2d 31, 36 (Tex.App.—Houston (1st Dist.1995)), which has facts most analogous to those at bar. Accordingly, Emerson has not shown itself entitled to summary judgment on the basis of the statute of limitations as to Plaintiffs' strict liability and negligence claims.

### Warranty Claims

■ Defendant Emerson also seeks reconsideration of its request for summary judgment on Plaintiffs' claims for breach of implied and express warranties. As the Court previously noted in its August 23, 2001 Memorandum, under Texas law, a cause of action for breach of implied warranty must be brought within four years from the tender of the good to the first purchaser. TEX. BUS. & COMM. CODE § 2.725(a) and (b). Defendant Emerson states that the Emerson gas control device in issue was manufactured in September 1989. *See* Affidavit of Kevin Kyle (Ex. 2 to Emerson Motion) ("Kyle Affidavit") (discerning date of manufacture from date code on control device). Defendant State asserts that the State water heater in issue was manufactured in October 1989. *See* Affidavit of Donald J. McKeeby, Jr. (Ex. 4 to State Motion) (discerning date of manufacture from date code on water heater). Defendants contend that based on the dates of manufacture, and the average sales times for their respective goods, more than four years have elapsed since the tender of the goods to their first purchasers.

As for express warranties, Defendant Emerson contends that the express warranty for the gas control device in issue lasted only for the lesser of one year from the date of purchase or 18 months from the date code on the control device. *See* Kyle Affidavit. Defendant State contends that the express warranty for the water heater in issue offered only free repairs or replacement for one year from the date of purchase. *See* Gas Water Heater Owners Manual (Ex. 5 to State Motion). Defendants contend that more than one year from the date of purchase of the goods has elapsed.

The Court notes the impressive weight of this circumstantial evidence. However, as the Court previously ruled, Plaintiffs are entitled to time to conduct discovery regarding the dates of purchase of the goods and any other express warranties which might have been offered with the goods. Where, as here, the victim of the fire giving rise to the claims in suit has died, it is not unreasonable for Plaintiffs to have a few months for additional investigation and reasonable discovery on the key issues. The Court anticipates that this discovery will focus on Plaintiffs' acquisition of the heater in question and express warranties given to Plaintiffs.[14] Two months have elapsed since issuance of the Court's earlier ruling. Therefore, by year-

---

**13.** The Court has considered *Rodriguez v. Tinsman & Houser, Inc.*, 13 S.W.3d 47, 50–51 (Tex.App.—San Antonio 1999, pet. denied) and finds it inapposite to the case at bar. *Rodriguez* involved a complete failure on the part of plaintiffs to take any steps to attempt service. *Id.* The *Rodriguez* plaintiffs did not secure a citation and did not follow up in any way on securing waiver of service from the defendants. *Id.* at 50. While the Defendants dispute that Plaintiffs here took appropriate steps to complete service, there is no question that Plaintiffs took steps, beginning with causing a citation to be issued on the day of filing suit, to effect service.

**14.** Plaintiffs made (in their Response to Defendants' Motions for Summary Judgment) arguments referencing the Deceptive Trade Practices Act, TEX. BUS. & COMM. CODE § 17.042 *et seq.* and the Uniform Commercial Code's narrow exception to the typical four year statute of limitations from time of the breach in suit, TEX. BUS. & COMM. CODE

end, sufficient time will have passed to enable Plaintiffs to determine these matters.

*Conclusion*

The Court has considered fully Emerson's Motion to Reconsider the Court's denial of summary judgment. For the reasons stated above, the Court again denies summary judgment on Plaintiffs' strict liability and negligence claims based on allegedly dilatory service of process at the inception of this case. The Court also denies summary judgment as to Plaintiffs' warranty claims on statute of limitations grounds.

It is noted, for future reference in this case, that Plaintiffs err in their articulation of the applicable standard for a defendant moving for summary judgment on an affirmative defense. The movant does not have the burden to "conclusively" prove the application of the defense. The Court will apply pertinent federal procedural standards when the issue is raised. It is therefore

**ORDERED** that Defendant Emerson's Motion for Summary Judgment [Doc. # 13] is **DENIED**. It is further

**ORDERED** that Defendant State's Motion for Summary Judgment [Doc. # 17] is **DENIED**. It is further

**ORDERED** that Plaintiff's Motion for Sanctions is **DENIED**.

§ 2.725(b) (extending statute of limitations to time of discovery of the breach when a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance). The viability of these arguments is questionable. It is noted that Plaintiffs apparently have failed to give proper notice of a DTPA claim, and have not pleaded that claim in their recently filed First Amended Complaint. As to the § 2.725(b) argument, Plaintiffs do not refute Emerson's argument (which also has the benefit of logic) that an implied warranty cannot be explicitly extended to future performance. *See* Motion to Reconsider, at 12 (citing *Safeway Stores v. Certainteed*, 710 S.W.2d 544, 546–48 (Tex.1986)); *see American Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 435 ( Tex.1997).