Bernardo **PAREDES,** Plaintiff,

v.

The **CITY OF ODESSA,** The Odessa Police Department, Motel 6, Isaac Hughes, Christopher C. Pipes in his Capacity as Commander of the Odessa Police Department, Unnamed Police Officer One and Unnamed Police Officer Two in their Official and Individual Capacities, and Does 1–5, Defendant.

No. MO–00–CA–078.

United States District Court, W.D. Texas, Midland–Odessa Division.

Nov. 6, 2000.

Order Dismissing Motions, Dec. 6, 2000.

David K. Sergi, San Marcos, TX, for plaintiff.

William Stacy Trotter, Shafer, Gilliland, Davis, et al., Odessa, TX, for defendants City of Odessa and Odessa Police Dept. and Christopher C. Pipes.

David R. Noteware, Kellye R. Koehn, Thompson & Knight, L.L.P., Houston, TX, for defendant Motel 6.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

FURGESON, District Judge.

Before the Court is the Motion to Dismiss by the Defendant—the Odessa Police Department. The Defendant moves to dismiss the Plaintiff's suit pursuant to FED. R.CIV.PROC. 12(b)(6). The Defendant asserts that the Odessa Police Department lacks the legal existence and capacity to be sued for the constitutional and civil rights violations alleged in the Plaintiff's complaint. After due consideration of the Defendant's Motion and the briefs filed by both parties, the facts, and applicable case law, the Court is of the opinion that Defendant's Motion should be GRANTED.

## STANDARD OF REVIEW

A complaint will not be 'dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In evaluating a motion to dismiss, "the allegations of the complaint should be construed favorably to the pleader." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## PROCEDURAL HISTORY

The Plaintiff Bernardo Paredes brought suit alleging various state and federal claims against various defendants based on an incident that occurred on March 21, 1998. The Odessa Police Department is one of the named defendants. The Defendant moved to dismiss the Plaintiff's suit against the Odessa Police Department on the grounds that it lacked the capacity to be sued under FED.R.CIV.P. 17(b).

## DISCUSSION

■ The capacity of an entity, such as a police department, to sue or to be sued is "determined by the law of the state in which the district court is held." FED. RULE.CIV.P. 17(b); *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir.1991). In order for a plaintiff to sue a department of a city, that department must enjoy a separate legal existence. *Darby,* 939 F.2d at 313. Unless the political entity that created the department has taken "explicit steps to grant the servient agency with jural authority," the department lacks the capacity to sue or to be sued. *Id.*

■ The City of Odessa is a home rule municipality. TEX. LOCAL GOV'T CODE ANN. § 5.004 (West 1999); *see McCrary v. City Odessa,* 482 S.W.2d 151, 152 (Tex.1972) (recognizing the City of Odessa as a home rule city). Under Texas law, as a home rule municipality, the City of Odessa is authorized to organize its own police force.

TEX. LOCAL GOV'T CODE ANN. § 341.003 (West 1999); *Darby,* 939 F.2d at 313. Odessa is also authorized to designate whether its police department will have jural authority. *Darby,* 939 F.2d at 313 ("A Texas city is allowed to designate whether one of its own subdivisions can be sued as an independent entity."). The Charter of the City of Odessa reserves all the general powers of a city to the City of Odessa itself. *See* ODESSA CHARTER art. 3, § 5 (reserving to the City of Odessa "all powers possible for a city to have under the Constitution and law of the state of Texas"). The Charter, however, nowhere grants the Odessa Police Department the power to sue or be sued.

As the Odessa Charter makes clear, the power to create the policies or customs that would give rise to liability under section 1983 claim is reserved to the City of Odessa itself, and not its police department: ·

> The City of Odessa shall have power by ordinance to establish and maintain a police department and to prescribe the duties of the members of said department, and regulate their conduct and fix their salaries or fees of office or both.

ODESSA CHARTER art. 3, § 28; *see also Monell v. Department of Social Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) (holding that in order to maintain a claim for civil rights violations under 42 U.S.C. § 1983 against a local entity, the plaintiff must show that his injury were caused by "policy or custom ... made by its lawmakers or ... those whose edicts or acts may fairly be said to represent official policy"). The ODESSA CODE establishes that the "duties of the [police] department shall be prescribed by the city manager." ODESSA, TEX., CODE § 2–26 (1992).

Clearly, the Odessa Police Department is not a separate legal entity apart from the City of Odessa. *See, e.g., Dean v. Barber,* 951 F.2d 1210, 1214 (11th Cir.1992) ("Sheriff's departments and police departments are not usually considered legal entities subject to suit."). Therefore, the

Defendant—the City of Odessa Police Department—is not subject to suit or liability under section 1983. *See Darby*, 939 F.2d at 314 (dismissing Title VII suit against police department because the department was not a legal entity for purposes of lawsuit); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir.1992) (dismissing suit against a county sheriff department because such department was not a legal entity under FED.R.CIV.P. 17(b) and, therefore, was not subject to suit or liability under 42 U.S.C. § 1983).

### CONCLUSION .

The Court finds that the Odessa Police Department is not a legal entity under Rule 17(b) and, therefore, lacks the legal existence and capacity to be sued for constitutional and civil rights violations under 42 U.S.C. § 1983. The Court does not reach the merits of the Defendant's arguments relating to the other grounds for dismissal contained in its Motion.

It is therefore ordered that Defendant's Motion to Dismiss be GRANTED. The Odessa Police Department is DISMISSED from this suit. No other Defendants are impacted by this Order.

### ORDER DISMISSING DEFENDANTS MOTEL 6 AND ISAAC HUGHES

Before the Court is the Defendant Motel 6's Motion for Summary Judgment. After due consideration of the motion, the Court orders that the Plaintiff's claims against the Defendants Motel 6 and, its agent, Isaac Hughes, be DISMISSED.

### STANDARD OF REVIEW

█ The moving party is entitled to summary judgment if it demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir.1996). When the defendant moves for summary judgment on an affirmative defense, the defendant must estab-

lish each element of the defense as a matter of law. *Crescent Towing & Salvage Co. v. M/V Anax*, 40 F.3d 741, 744 (5th Cir.1994). Once the defendant carries this burden, the plaintiff then must produce competent summary judgment evidence demonstrating a genuine issue of material fact on at least one element of the defendant's defense. *Kansa Reinsurance Co. v. Congressional Mtg. Corp.*, 20 F.3d 1362, 1371 (5th Cir.1994). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

### PROCEDURAL HISTORY

The Plaintiff Bernardo Paredes brought suit alleging various state and federal claims against various defendants based on an incident that occurred March 21, 1998. Motel 6 and its agent, Isaac Hughes, are defendants. Paredes's Original Complaint was filed in the San Antonio Division of the Western District on March 20, 2000. On March 22, 2000, the District Court *sua sponte* entered an order transferring Paredes's case to the Midland/Odessa Division. Paredes then filed his First Amended Complaint on May 24, 2000. Paredes sent a notice of waiver of service of summons to Defendants Motel 6 on July 6, 2000.

The Plaintiff asserts several state law claims against Defendant Motel 6 and Isaac Hughes, including breach of contract, invasion of privacy, negligence, intentional infliction of emotional harm and false imprisonment. All five claims are state law claims. Motel 6 moves for summary judgment based on the Texas statute of limitations. Specifically, Motel 6 asserts

that Paredes did not serve it with process until after the expiration of the limitations period and that Paredes did not exercise due diligence in effectuating service as a matter of law. After due consideration, the Court finds that the state law claims against Motel 6 and Isaac Hughes are barred by the Texas statute of limitations.

## DISCUSSION

### A. Paredes's Complaint asserts only tort claims against Motel 6.

Paredes titles one of his causes of action as a breach of contract claim against Motel 6. This claim is based on an implied warranty of peaceful, quiet enjoyment of the premises. Paredes claims that Motel 6 breached the contract when its agent Hughes led officers to Paredes's room and later failed to verify Paredes's identity. Paredes further claims that as a result of Hughes's actions he suffered personal injuries including severe humiliation, embarrassment, and general mental anguish, as well as damages in the form of medical expenses incurred to treat these injuries. Motel 6 counters that though Paredes calls his claim a breach of contract claim, the facts alleged and the injury suffered support only a tort claim.

Whether Paredes's cause of action is a tort or a contract, or both, affects whether the two-year or four-year limitations period applies. Under section 16.003(a), tort claims—as claims for personal injuries—are generally subject to a two-year limitations period. Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (West 1986 & Supp.2000) ("[A] person must bring suit for ... personal injury ... not later than two years after the day the cause of action accrues."). Contract claims are generally subject to a four-year limitations period. *Id.* § 16.051 (West 1997) ("Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues."); *Heron Fin. Corp. v.*

*United States Testing Co.,* 926 S.W.2d 329, 331 (Tex.App.1996, writ denied). In determining which limitations provision governs, courts look beyond the title with which a cause of action is pleaded and instead evaluate the substance of the cause of action and the remedy sought. *Hight v. Dublin Veterinary Clinic,* 22 S.W.3d 614, 624 (Tex.App.—Eastland 2000, writ requested) (Holding that in order to determine whether a claim sounds in contracts or torts, the court must look to the substance of the cause of action and not the manner in which it is pleaded); *Ho v. University of Texas at Arlington,* 984 S.W.2d 672, 687 (Tex.App.Amarillo 1998, writ denied) (holding that the proper characterization of the plaintiff's complaint is formed by "determining the makeup of the remedy sought and by assessing which action, with due regard to the defendants rights, that would most amply redress the plaintiff"). The Court finds that the duty alleged breached by Motel 6 and the remedy sought by Paredes both point to the application of the two-year limitations period to all of Paredes's claims against Motel 6 and its agent Hughes.

### a. The duties that Paredes claims Motel 6 breached are duties that give rise only to tort liability.

Tort liability generally arises from "obligations that are imposed by law—apart from and independent of promises made and therefore apart from the manifested intention of the parties." *Hight,* 22 S.W.3d at 624 (citation omitted). One example is the duty to avoid injury to others. *Id.* If the defendant's conduct would give rise to liability independent of whether a contract existed between the parties, then the plaintiff's claim sounds in tort. *Id.* In Texas, motel owners owe a duty to use ordinary care to protect the safety of their guests and invitees. *Boles v. La Quinta Motor Inns,* 680 F.2d 1077, 1079 (5th Cir.1982) (recognizing that under Texas law the duty of a motel owner to use reasonable care to protect guests from as-

sault is a duty prescribed by Texas law); *Burrous v. Knotts,* 482 S.W.2d 358, 360 (Tex.Civ.App.1972, no writ) (recognizing that though a motel owners are not the insurer of the safety of guests, they have a duty to exercise ordinary care in maintaining a safe place for guests). This duty is grounded in Texas law, not contract principles and would apply whether or not the guest was in direct privity of contract to the motel owner. *Burrous,* 482 S.W.2d at 360.

The basis of Paredes's claim is not that Motel 6 breached its contract with Paredes; rather, the substance of the claim is that Hughes, Motel 6's agent, failed to use reasonable care to protect the safety of Paredes by leading police to Paredes's room and by not verifying his identity to the police. *See cf. Boles,* 680 F.2d at 1079 (determining that a hotel owner owes to invitees a duty of reasonable care to protect them from assault by third persons while on the premises, that a breach of this duty supports a negligence claim; and that this duty is prescribed under Texas law). If Motel 6 breached this duty of reasonable care, its breach would give rise to liability independent of whether an express contract existed between Motel 6 and Paredes.

### b. Paredes seeks only personal injury damages.

The nature of the remedy sought by Paredes also informs the Court as to which limitations period applies. *Ho,* 984 S.W.2d at 687. Section 16.003(a) expressly states that a suit for personal injury must be brought no later than two years after the day the cause of action accrues. TEX.CIV. PRAC. & REM.CODE ANN. § 16.003(a). In contrast, the four-year limitations period of section 16.051 is a residual statute and applies to "[e]very action for which there is no express limitations period." *Id.* § 16.051. Even if Paredes's injuries were caused by Motel 6's breach of a contract, the injuries claimed—humiliations, fear, embarrassment and general mental anguish—are still personal injuries and his

claims for these personal injuries are subject to the two-year limitations period under section 16.003(a). Because section 16.003(a) already provides a limitations period for Paredes's claims, the residual four-year limitations period of section 16.051 does not apply. *Ho,* 984 S.W.2d at 687 (applying section 16.051 only after determining that no other limitations period expressly applied).

Therefore, the Court finds that the substance of the pleadings only supports a cause of action for personal injuries and, therefore, the two-year statute of limitations applies to all of Paredes's claims against Motel 6 and Isaac Hughes.

### B. Does the Texas statute of limitations still apply if the plaintiff complies with the service of process requirements set out in FED.R.CIV.P. 3 and 4?

Paredes's state law claims against Motel 6 are subject to the Texas statute of limitations. *Gonzales v. Wyatt,* 157 F.3d 1016, 1021 n. 1 (5th Cir.1998) (holding that the Texas statute of limitations and specifically the due diligence requirement apply to state law claims filed in federal courts sitting in Texas). Under Texas law, in order to "bring suit" on a state law claim within the two-year statute of limitations, the plaintiff must not only file suit within the limitations period but must also use due diligence in serving the defendant with process if the defendant is served after the expiration of the limitations period. *Gant v. DeLeon,* 786 S.W.2d 259, 260 (Tex.1990) (per curiam). If the plaintiff does not serve the defendant until after the limitations period has expired, the date of service will relate back to the date of filing, and the claim will not be barred by the statute of limitations, only if the plaintiff exercises due diligence in procuring service on the defendant. *Id.* at 260.

In contrast, under the FEDERAL RULES OF CIVIL PROCEDURE, a civil action is deemed "commenced" at the time that the complaint is filed without regard to when

the defendant is served with process. FED. R.CIV.P. 3. Rule 4(m) requires that the plaintiff serve the defendant with the complaint within 120 days of the filing of the complaint or risk dismissal. Rule 4(d) allows the plaintiff to forgo the formal requirements of service of process by giving the defendant notice of waiver of service. If the defendant accepts the waiver, then, pursuant to Rule 4(d)(4), service of process is deemed to relate back to the date that the notice of waiver is given.

■ Paredes argues that the due diligence and service of process requirements—integral to the Texas statute of limitations—do not apply because Paredes properly followed the filing and service requirements set out by Federal Rules 3 and 4 by giving Motel 6 notice of waiver within 120 days of filing the complaint. The first issue, therefore, is whether the FEDERAL RULES OF CIVIL PROCEDURE or Texas statute of limitations applies to the plaintiff's claims brought in federal court but which are based entirely on state law.

## 1. The Texas statute of limitations including the timely service of process requirement apply to state law claims brought in federal court.

■ Under the doctrine established in *Hanna v. Plumer*, in a suit based on diversity jurisdiction, a Federal Rule of Civil Procedure would displace a state law only if, first, there is a "direct collision" between the Federal Rule and state law, and then, only if the Federal Rule is within the scope of the Rules Enabling Act and is within the constitutional power of Congress. *Hanna v. Plumer*, 380 U.S. 460, 464, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Though *Hanna* involved a federal court hearing state law claims based on diversity jurisdiction, the logic and reasoning of that opinion—and the opinion in other cases dealing with choice of law questions arising from diversity jurisdiction—apply to state law claims heard by a federal court based on pendant party jurisdiction under 28 U.S.C. § 1367(a). The first inquiry, then,

is whether the Texas doctrine of statute of limitations including its due diligence requirement is in "direct collision" with Federal Rules 3 and 4. The Court finds that the they are not in direct collision.

## a. There is no direct "collision" between Federal Rule 3 and 4 and the Texas statute of limitations.

Rule 3 simply states that "[a] civil action is commenced by filing a complaint with the court." Rule 3 determines the date from which various timing requires of the Federal Rules begins to run. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980). Rule 3, however, does not contemplate any effect on a state's statute of limitations requirement applicable to state law claims. *Id.* The Supreme Court made clear that when a federal court hears state law claims, Rule 3 does not displace state tolling rules for purposes of the state's statute of limitations. *Id.* at 750–51, 100 S.Ct. 1978.

Paredes's reliance on his compliance with the service of process requirements of Rule 4 is likewise misplaced. Like Rule 3, nothing in the text of Federal Rule 4 addresses the tolling of state statutes of limitations so as to create a conflict between Rule 4 and the Texas statute of limitations. *Gant*, 786 S.W.2d at 260 (setting out the due diligence requirements inherent in the Texas statute of limitations). As the Sixth Circuit noted in its decision directly addressing this issue, "[t]he new Rule 4 is a much poorer candidate than Rule 3 in the search for a direct conflict with state limitations law" and "[n]othing in the text of the rules relates in any way to the tolling of limitations statutes." *Eades v. Clark Distributing Co.*, 70 F.3d 441, 443 (6th Cir.1995). In addition, the Advisory Committee recognized that new Rule 4—including the notice of waiver provision—would not affect the applicability of state statutes of limitations:

Some state limitations laws may toll an otherwise applicable statute at the time

when the defendant receives notice of the action. Nevertheless, the device of requested waiver of service is not suitable if a limitations period which is about to expire is not tolled by the filing of the action.

FED.R.CIV.P. 4 advisory committee notes; *see also Eades,* 70 F.3d at 443 (citing as support the Advisory Committee Notes). In the absence of a direct conflict between Rule 4 and the Texas statute of limitations, the requirements of the Texas statute of limitations—specifically the timely service of process—apply.

Therefore, the Court finds that Paredes's compliance with the service of process procedures set out in Federal Rule 4 does not negate the timely service of process requirement of the Texas statute of limitations.

### C. Application of the Texas statute of limitations

Under Texas law, in order to "bring suit" within the two-year statute of limitations period, the plaintiff must use due diligence in serving the defendant with process when service occurs after the expiration of the limitations period. *Gant,* 786 S.W.2d at 260. Both the filing of the complaint with the court and the service of it on the defendant are important components of the Texas statute of limitations. As the Dallas Court of Appeals explained:

> [t]he purpose behind a statute of limitations is not only to encourage a plaintiff to prosecute his claims within a period of time but, just a important, to advise the defendant of the claim against him in a timely fashion so that he may prepare his defense and preserve evidence before the lapse of time has rendered this process difficult, if not impossible.

*Broom v. MacMaster,* 992 S.W.2d 659, 664 (Tex.App.—Dallas 1999, no writ). In some respects, timely service of the complaint is more important because "[i]t is service of process that gives the defendant legal notice of the allegations being made against him." *Id.*

If the plaintiff does not serve the defendant until after the limitations period has expired, the date of service will relate back to the date of filing, and the claims will not be barred by the statute of limitation, only if the plaintiff exercises due diligence in effecting service. *Gant,* 786 S.W.2d at 260. Once the defendant establishes that the plaintiff did not serve the complaint within the two-year limitations period, the burden shifts to the plaintiff produce summary judgment evidence raising a fact question as to whether the plaintiff used due diligence in attempting to procure timely service on the defendant. *Newman v. Broadus,* 847 S.W.2d 249, 251 (Tex.App.—Corpus Christie 1992, no writ); *Perkins v. Groff,* 936 S.W.2d 661, 668 (Tex. App.–Dallas 1996, writ denied). Generally, whether the plaintiff exercised due diligence is a question of fact. *Eichel v. Ullah,* 831 S.W.2d 42, 43 (Tex.App.—El Paso 1992, no writ). Summary judgment should be granted on statute of limitations grounds only if the defendant shows (1) that the defendant was not served with the complaint within the two-year limitations period; and (2) as a matter of law, the plaintiff did not use due diligence in effectuating service. *Gant,* 786 S.W.2d at 260.

**1. Paredes's explanation for his failure to timely serve Motel 6 does not raise a question of fact on the question of due diligence.**

Paredes's suit was initially filed in the San Antonio division. Judge Biery gave Paredes notice that the case was being transferred to the Midland/Odessa Division on March 22, 2000. Paredes's attorney, David Sergi, received the cause number on June 22, 2000 and mailed a Wavier of Service of Summons letter to Motel 6 on July 6, 2000. Sergi explains that he withheld service of the complaint and the notice of waiver of service of summons on Motel 6 because he did not have a cause number from the Midland Division and he believed that he could not properly serve the complaint on the Defendants

without the cause number. Since Parades served the complaint on Motel 6 after the limitations period had expired, the question is whether this explanation is sufficient to raise a fact question as to whether Paredes exercised due diligence is procuring service on the Defendants. The Court finds that Paredes's explanation does not.

### a. Paredes failed to make any attempt to serve Motel 6 with the complaint

■■■ As the term "due diligence" implies, the plaintiff has a duty to take action to effectuate service of process on the defendant. Generally, where the plaintiff makes no attempt to serve the defendant within the limitations period, an explanation for the absence of any attempt to procure service will not raise a fact issue as to whether due diligence was used. *See Rodriguez v. Tinsman & Houser, Inc.,* 13 S.W.3d 47, 50–51 (Tex.App.—San Antonio 1999 no writ) (holding that a complete failure to attempt service of process that is due to miscommunication or mistaken belief does not raise a fact issue on due diligence because "there are no efforts from which to evaluate the reasonableness or diligence of the actor"). In *Rodriguez,* the plaintiff's attorney intentionally did not serve the defendant because he wanted to obtain a notice of waiver. The Court of Appeals held that, though the decision not to serve the defendant within the limitation period was well-intended, the proffered excuse was not valid because it did not demonstrate *any* diligence in procuring service and, therefore, did not raise a fact issue on the question of whether due diligence was used. *Id.* at 51.

In cases where due diligence has been found, at least to raise a fact question, the plaintiff made some efforts to procure service but by mistake or clerical error was not immediately successful. *Martinez v. Becerra,* 797 S.W.2d 283, 285 (Tex.App.—Corpus Christi 1990, no writ) ("The summary judgment evidence fails to prove that *no efforts* were made to procure service.");

*Hodge v. Smith,* 856 S.W.2d 212, 217 (Tex. App.—Houston [1st Dist.] 1993, writ denied) (holding that the attorney's explanation raised a fact question because had made attempt to serve summons and had reason to believe that he had actually effected service by publication); *Torre v. Our Lady of Guadalupe Ctr.,* 807 S.W.2d 889, 890 (Tex.App.—Corpus Christie 1991, no writ) (reversing grant of summary judgment where affidavit of the attorney showed that several attempts to obtain service were made). The relevant inquiry is what efforts were made to serve the defendant. *Martinez,* 797 S.W.2d at 285.

Sergi's proffered explanation that he delayed service of the complaint on Motel 6 because he did not have a cause number is not a valid excuse because it does not demonstrate any diligence in procuring service of process on Motel 6. *See, e.g., Rodriguez,* 13 S.W.3d at 50–51.

### b. The absence of a cause number does not excuse Paredes's failure to timely serve the complaint.

■■■ Sergi's explanation that he relied on the lack of a cause number to excuse his duty to procure timely service of process on the Defendants is also unpersuasive. A plaintiff fails to exercise due diligence as a matter of law if he offers no valid explanation for his failure to timely serve the complaint on the defendant. *Gant,* 786 S.W.2d at 260; *Saenz v. Keller Indus. of Texas, Inc.,* 951 F.2d 665, 667 (5th Cir.1992) (applying the Texas due diligence requirement). A delay caused by a third party does not necessarily relieve the plaintiff of the duty to effectuate timely service on the defendant. For instance, though a plaintiff may rely on the court clerk to issue citation and service of process within a reasonable time, he still carries the ultimate responsibility of ensuring that the defendant is timely served. *See Boyattia v. Hinojosa,* 18 S.W.2d 729, 734 (Tex.App.—Dallas 2000, n.w.h.) (holding that the plaintiff bears the responsibility for service because "it is incumbent upon the party to ensure that the job is done");

*Jimenez v. County of Val Verde,* 993 S.W.2d 167, 168 (Tex.App.—San Antonio 1999, writ denied) ("It is the responsibility of the one requesting service, not the process server, to see that service is properly accomplished.") (citation omitted). Likewise, the failure of the court clerk to immediately assign a cause number to Paredes's transferred suit does not relieve Paredes of his duty to timely serve the complaint on Motel 6. In fact, no local or federal rule precludes Paredes from serving the Defendants with the complaint without a cause number. As noted above, the purpose of the statute of limitations and the service of process requirement are to give the defendant legal notice of the claims asserted against him so that he may prepare his defense. *Broom,* 992 S.W.2d at 664. The cause number is not fundamental to this purpose. It would have been relatively easy for Paredes to serve the complaint on the Defendants and to inform them that the case was assigned to the Midland division but that cause number had not yet been assigned. *Cf. Eichel,* 831 S.W.2d at 44 (noting the ease with which the plaintiff could have found the defendant's new address by contacting the defendant's known insurance company).

### c. Paredes fails to explain the delay in service after notice of the cause number.

Even if the Court accepts *arguendo* that the lack of a cause number provides a valid excuse why Paredes did not serve Motel 6 and Hughes within the limitations period, Paredes provides no explanation as to why he waited until July 6, 2000—over two weeks after the Court provided him with the new cause number—to send the notice of waiver to Motel 6. Paredes argues that a question of whether he used due diligence is raised because Motel 6 was served less than three months after the expiration of the limitations period and just over two weeks after Paredes received notice of the new cause number. However, as in all other aspects of the statute of limitations, any delay after the expiration of the limitations period is significant, whether one day or three months. *See Eichel,* 831 S.W.2d at 44–45 (holding that plaintiff's delay, even if for only two months, without any activity aimed at notifying or serving the defendant established a lack of due diligence as a matter of law). In addition, Texas law is clear that a plaintiff has a continuing duty to use diligence until the defendant is actually served. *See, e.g., Rodriguez,* 13 S.W.3d at 50. Texas courts have consistently held that a plaintiff fails to exercise due diligence, as a matter of law, if there are unexplained lapses of time between filing of suit and service of process. *Holt v. D'Hanis State Bank,* 993 S.W.2d 237, 241 (Tex.App.—San Antonio 1999, no writ) (determining that the fact that an unexplained delay in service of process was brief will not defeat summary judgment because, once the limitations period has ended, "[a]n unexplained delay constitutes a lack of due diligence as a matter of law."); *Eichel,* 831 S.W.2d at 45.

Therefore, the Court finds that, as a matter of law, Paredes failed to exercise due diligence in procuring service on Motel 6, and his claims against it are barred by the Texas statute of limitations.

### Conclusion

The Court finds that Motel 6 is entitled to summary judgment as a matter of law on its statute of limitations defense. Paredes failed to raise any genuine issue of material fact concerning the delay in effectuating the service of process on Defendant Motel 6.

It is therefore ORDERED that Defendants Motel 6's Motion for Summary Judgment be GRANTED. Because Isaac Hughes is sued only in his capacity as an agent of Motel 6, the claims against him are likewise, and for the same reasons, DISMISSED. No other Defendants shall be impacted by this Order.