No. 04-00-00832-CR


Joe ORTIZ,

Appellant


v.


The STATE of Texas,

Appellee


From the 227th Judicial District Court, Bexar County, Texas

Trial Court No. 99-CR-4893

Honorable Philip Kazen, Judge Presiding



Per Curiam

 

Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Catherine Stone, Justice



Delivered and Filed: March 7, 2001


DISMISSED FOR LACK OF JURISDICTION


 Appellant pled nolo contendere to aggravated assault with a deadly weapon. Judgment was
entered on May 23, 2000, and appellant was sentenced to eight years confinement. Appellant filed
a notice of appeal. On November 14, 2000, appellant filed a motion for shock probation with the trial
court. The record does not indicate whether the trial court ruled on this motion.

 On November 22, 2000, this court dismissed appellant's appeal pursuant to appellant's
request.

 On November 29, 2000, appellant filed the following: a notice of appeal, a motion to appoint
counsel on appeal, and a motion for leave to file late notice of appeal.

 Because appellant voluntarily dismissed his appeal from the May 23 judgment, this court does
not have jurisdiction to hear the merits of an appeal from that judgment. Nor does this court have
jurisdiction to hear an appeal from the order, if any, denying the motion for shock probation. Jimenez
v. County of Val Verde, 993 S.W.2d 167, 168 (Tex. App.--San Antonio 1999, pet. denied) (finding
no jurisdiction over order denying shock probation). Therefore, on December 27, 2000, this court
ordered appellant to show cause why this appeal should not be dismissed for want of jurisdiction.
Appellant's November 29th motions were held in abeyance pending appellant's response to this show
cause order.

 Appellant has not responded to the show cause order; therefore, this appeal is DISMISSED
FOR LACK OF JURISDICTION. Further, appellant's motion to appoint counsel on appeal and
motion for leave to file late notice of appeal are DENIED. See Ater v. Eighth Court of Appeals, 802
S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from felony conviction may be sought by
filing a writ of habeas corpus pursuant to Texas Code of Criminal Procedure article 11.07). 

 PER CURIAM

DO NOT PUBLISH